IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURENCE R. WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 8:08CV208 |
| | ) | |
| PETE GEREN, Secretary of the | ) | ORDER |
| Department of Army, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff is employed as a Professional Landscape Architect by the U.S. Army Corps of Engineers. He alleges that he was subjected to discriminatory and retaliatory conduct in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*. (ADEA).

In its response to the original complaint, the United States filed a motion to dismiss for failure to name the proper defendant and to strike plaintiff's claims for compensatory damages, prejudgment interest, and punitive damages (Doc. 17). Plaintiff stated in response to that motion that he "will not dispute Defendants' contentions made as to Plaintiff's entitlement to a jury demand or his entitlement to compensatory damages, prejudgment interest or punitive damages." (Doc. 19).

There was no ruling on the prior motion because plaintiff was granted leave to file an amended complaint upon the representation that opposing counsel had no objection. (Text Order 26). The Amended Complaint (Doc. 27), however, once again alleges that the plaintiff suffered severe emotional distress, loss of opportunity to receive pay increases or promotions, and "the destruction of his professional career and well-being (including any potential employment after his departure from the Corps)." Doc. 27 at ¶ 34. The Amended Complaint also contains a jury demand and, *inter alia*, requests an award of prejudgment interest, compensatory damages, and

> Retirement standing and benefits commensurate with Plaintiff's proven work capabilities and experience while serving as Professional Staff for the US Senate Committee on Environment and Public Works (EPW Cmte) for 1 year, as well as Deputy Program Director and Program Manager for the NDCEE program under the Assistant Secretary of the Army, Installations and Environment (ASA-I&E), Pentagon for 3 years – at the GS-14/15 level as documented by Mr. Ray Fatz (former DASA[ESOH] and SES-5)[.]

Doc. 27 at pp. 9-10/11.

The matter is now before the court on the defendant's renewed motion (Doc. 29) to strike plaintiff's jury demand and to strike plaintiff's claims for prejudgment interest, punitive damages, and compensatory damages. The court has considered the brief (Doc. 18) filed in support of defendant's prior motion to dismiss and/or strike, together with plaintiff's response (Doc. 31), in which he now contends he is entitled to recover compensatory damages.

Plaintiff does concede that he is not entitled to a jury trial for a claim under the ADEA against the federal government. "[T]he plaintiff in an action against the United States has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Lehman v. Nakshian*, 453 U.S. 156, 168 (1981). In enacting the ADEA, "Congress did not depart from its normal practice of not providing a right to trial by jury when it waived the sovereign immunity of the United States." *Id*. at 168-69. Thus, "federal employees are not entitled to a trial by jury when bringing claims pursuant to the ADEA." *Logan v. Chertoff*, 2008 WL 922329 at *3, Case No. 4:07-cv-1948 (E.D. Mo., Apr. 2, 2008).

Turning to plaintiff's prayer for punitive relief and compensatory damages, "[c]ompensatory damages for pain and suffering are not available under the ADEA." *Evans v. Potter*, 215 F.R.D. 571, (D.S.D. 2003) (citing *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 810 (8th Cir. 1982)); *see also Maschka v. Genuine Parts Co.*, 122 F.3d 566, 573(8th Cir. 1997). "[T]he ADEA does not allow for punitive damages or damages for pain and suffering. Rather, relief in ADEA actions is governed by specific damage provisions of the Act, which allow for lost wages and benefits, as well as liquidated damages if a plaintiff

can prove a willful violation." *Logan v. Chertoff*, 2008 WL 922329 at *3, n.5 (citing 29 U.S.C. §§ 626(b) and (c), and *Fiedler*, 670 F.2d at 809-810).

"In the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986).  Sections 626(b) and (c) of the ADEA do not specifically provide for awards of prejudgment interest or punitive damages against the United States or any federal agency.  Nor does it appear that the Back Pay Act, 5 U.S.C. § 5596, allows a plaintiff to recover prejudgment interest in an ADEA claim against the federal government.  *See Adams v. United States*, 350 F.3d 1216, 1229 (Fed. Cir. 2003); *Roepsch v. Bentsen*, 846 F. Supp. 1363 (E.D. Wis. 1994).

Finally, it appears that plaintiff's prayer for retirement standing and benefits may likely fall within the scope of relief allowed by the ADEA.  The court must grant a plaintiff who has been discriminated against on account of age, the most complete relief possible.  *See Maschka v. Genuine Parts Co.,* 122 F.3d 566, 572 (8th Cir. 1997).  The Eighth Circuit has

> held that on proper foundation, an employee may recover benefits other than lost wages such as lost 401(k) contributions, and the replacement of life and disability insurance that had been paid by the employer. *See Gaworski v. ITT Commercial Fin. Corp.*, 17 F.3d 1104, 1114 (8th Cir. 1994).  Further, other courts have allowed the recovery of various fringe benefits of employment such as vacation time, employee meal discounts, health insurance coverage, lost stock options, and travel expenses. *See Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348 (11th Cir. 2000) (upholding back pay award that included vacation time, employee meal discounts, and health insurance coverage); *see also Greene v. Safeway Stores, Inc.*, 210 F.3d 1237, 1243 (10th Cir.2 000) (allowing for recovery of lost stock options that would have vested, but for the illegal termination); *Brunnemann v. Terra Int'l, Inc.*, 975 F.2d 175, 178 n.6 (5th Cir.1992) (allowing former employee to recover $750 a month in lost travel expenses the employee was entitled to while working); *Kelly v. Matlack, Inc.*, 903 F.2d 978, 984-85 (3d Cir.1990) (allowing for the recovery of vacation, sick leave/funeral leave, short and long term disability, tuition aid program, medical benefits, and pension plan contributions, where employee

handbook noted these among the "invisible paycheck" that the employee receives as a benefit of employment)....

*Hartley v. Dillard's, Inc.*, 310 F.3d 1054, 1062 (8th Cir. 2002).

**IT IS ORDERED** that the defendant's renewed motion to strike (Doc. 29) is granted, as follows:

1. Plaintiff's jury demand and claims for prejudgment interest, compensatory damages, and punitive relief are stricken.

2. Paragraph "b" of plaintiff's Prayer for Relief (Doc. 27 at p. 9/11) is not stricken.

**DATED March 26, 2009.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**