IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **LAURENCE R. WAGNER,** | ) | **CASE NO. 8:08CV208** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| **PETE GEREN, Secretary of the Department of Army,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Plaintiff's Motion to Extend Deadline (Filing No. 50), requesting an extension of time, from May 13, 2009, until July 20, 2009, to respond to Defendant's Motion to Dismiss and Motion for Summary Judgment (Filing No. 46). Plaintiff's motion indicates that Defendant has agreed to an extension until June 10, 2009, but has not agreed to Plaintiff's requested deadline of July 20, 2009.

While the Defendant has only agreed to an extension until June 10, 2009, the Plaintiff argues an extension until July 20, 2009, is warranted based on the fact that Plaintiff still needs to complete depositions of certain key witnesses in order to respond to the Defendant's motion. The Plaintiff avers that "Rule 56(f) of the Federal Rules of Civil Procedure allows the Court to extend the deadline for response on dispositive motions if discovery is necessary to allow the opposing party to respond." (Filing No. 50 at ¶ 7).

While the Plaintiff is correct that Fed. R. Civ. Pro. 56(f) grants the Court the discretion to "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken" (Fed. R. Civ. Pro. 56(f)(2)), the Court may only exercise such discretion in instances where the "party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its

opposition." (Fed. R. Civ. Pro. 56(f)). In the present case, the Plaintiff has asserted a claim that Rule 56(f) warrants a continuance but has not provided any affidavits in support of this assertion. Accordingly, because the Plaintiff has failed to comply with the requirements of the rule, the Court will not grant a continuance based on Rule 56(f).[1]

Because the Defendant has opposed an extension beyond June 10, 2009, and the Plaintiff has not presented the Court with a proper Rule 56(f) motion for consideration, the Court finds that an extension only to June 10, 2009, is appropriate at this time.

ACCORDINGLY,

IT IS ORDERED:

1. Plaintiff's Motion to Extend Deadline (Filing No. 50) is granted in part and denied in part; and

2. Plaintiff shall file a response to Defendant's Motion to Dismiss and Motion for Summary Judgment (Filing No. 46), if any, on or before June 10, 2009.

DATED this 14th day of May, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

[1] The Court notes that Plaintiff's counsel also contends that an extension to July 20, 2009, is warranted based on Plaintiff's counsel's trial schedule, which includes three trials in the month of May. Since counsel has had since April 20, 2009, to begin work on the response to Defendant's motion, the Court does not find counsel's jury trials in May to be a sufficiently compelling reason to grant an extension beyond June 10, 2009.