## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURENCE R. WAGNER, | ) | CASE NO. 8:08CV208 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| PETE GEREN, SECRETARY OF THE | ) | |
| DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant Pete Geren's Motion to Dismiss and Motion for Summary Judgment (Filing No. 46). For the reasons explained below, the Motion will be granted, judgment will be entered in favor of the Defendant Pete Geren, and the Plaintiff Laurence R. Wagner's Amended Complaint will be dismissed in its entirety.

### FACTS

Plaintiff Laurence R. Wagner, born October 10, 1953, has been an employee of the U.S. Army Corps of Engineers (the "Corps") since 1977. At all relevant times, he has worked for the Corps at its Omaha District, employed as a Professional Landscape Architect. (Amended Complaint, Filing No. 27, ¶¶ 5-6). Defendant Pete Geren is the Secretary of the Army. (*Id.*, ¶ 7).

On or about May 12, 2007, Wagner was removed from his assignment as Project Manager for certain work at Andrews Air Force Base in Maryland. (*Id.*, ¶ 12). Beginning on May 30, 2007, Wagner's supervisors began to counsel him about what they alleged to be his deficient performance, specifically in regards to his work on the project at Andrews Air Force Base. (*Id.*, ¶ 10). At the May 30, 2007, counseling session, the supervisors questioned Wagner about his age and years of service, and suggested that he consider

early retirement. (*Id.*, ¶ 11). In July 2007, Wagner was cited for poor performance at his interim performance assessment. (*Id.*, ¶ 14). On or about December 17, 2007, Wagner was presented with a preliminary performance rating for 2007, which indicated "failed performance." (*Id.*, ¶ 17). On or about January 17, 2008, Wagner was given his official 2007 performance rating, which indicated "Failed/Unacceptable" performance, and Wagner's supervisor again suggested that Wagner consider early retirement. (*Id.*, ¶ 19). Upon receiving the "Failed/Unacceptable" performance evaluation, Wagner submitted a request for reconsideration, alleging age discrimination. (*Id.*, ¶ 20).

On or about February 13, 2008, a representative from the Corps's Human Resources Department called Wagner and asked him to remove the reference to "age discrimination" from his request for reconsideration. (*Id.*, ¶ 21). Wagner refused to make the change, and his request for reconsideration was denied. (*Id.*, ¶¶ 21-22). On February 24, 2008, Wagner filed a "Notice of Intent to Sue" with the Equal Employment Opportunity Commission. (*Id.*, ¶ 8). On May 8, 2008, he filed the present action. At the time of the filing of Wagner's Amended Complaint (December 23, 2008), he was subject to a "Performance Improvement Plan" at the Corps. (*Id.*, ¶ 23, 26).

In his Amended Complaint, Wagner alleges that he was subjected to discrimination on the basis of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §633A, and that he was subjected to retaliation for making claims of age discrimination. (*Id.*, ¶ 29). Wagner contends that he has lost salary, benefits, and opportunities for promotion, and has suffered emotional distress and the destruction of his professional career. (*Id.*, ¶¶ 1, 28-34).

2

Defendant Geren has moved, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss Wagner's claims based on retaliation and those based on events occurring before August 28, 2007, because, as Geren avers, Wagner did not exhaust his administrative remedies with respect to these claims.   Geren has also moved for summary judgment on the remainder of Wagner's claims of age discrimination, asserting that (1) Wagner did not suffer any adverse action, (2) younger employees were not treated more favorably than Wagner, (3) the Corps had legitimate, non-discriminatory reasons for all its actions, and finally, (4) Wagner cannot demonstrate that the Corps's reasons for its actions were a pretext for discrimination.

## STANDARD OF REVIEW

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges the existence of the Court's subject matter jurisdiction.  The party asserting  jurisdiction, here Wagner, has the burden of proving that jurisdiction is proper.  *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000).  *See also, Faibisch v. Univ. of Minn.,* 304 F.3d 797, 801 (8th Cir. 2002).  Although dismissal will not be granted lightly, *Wheeler v. St. Louis Sw. Ry. Co.,* 90 F.3d 327, 329 (8th Cir. 1996), "[t]he district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under [Rule] 12(b)(1)."  *Drevlow v. Lutheran Church, Mo. Synod,* 991 F.2d 468, 470 (8th Cir. 1993).

In the context of a summary judgment motion, the Court's function is to consider the evidence and determine whether the moving party is entitled to judgment as a matter of law.  The proponent of a motion for summary judgment "bears the initial responsibility of

3

informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). In response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)(emphasis omitted)). A "genuine" issue of material fact is more than "some metaphysical doubt as to the material facts." *Id.* at 586.

Although summary judgment is to be used sparingly in employment discrimination cases, it is appropriate where one party has failed to present evidence sufficient to create a jury question as to an essential element of its claim. *Whitley v. Peer Review Sys., Inc.*, 221 F.3d 1053, 1055 (8th Cir. 2000). "[T]his Court . . . has noted that 'there is no "discrimination case exception" to the application of Fed.R.Civ.P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial.'" *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005) (quoting *Berg v. Norand Corp.*, 169 F.3d 1140, 1144 (8th Cir.1999)).

## DISCUSSION

### I. Motion to Dismiss for Failure to Exhaust Administrative Remedies

In his 12(b)(1) Motion to Dismiss, Geren argues that the Court lacks subject matter jurisdiction to hear Wagner's claims under the ADEA because he failed to exhaust his administrative remedies. The Court concludes that Wagner did fail to exhaust his

4

administrative remedies with regard to his retaliation claim, and that the claim must be dismissed, with prejudice.  However, Wagner did exhaust his administrative remedies related to his age discrimination claim, and the Court has subject matter jurisdiction over the ADEA-based claim for relief.

### A.   Whether Wagner's Retaliation Claim is Barred Due to His Failure to Exhaust Administrative Remedies

The Eighth Circuit Court of Appeals has made clear that a plaintiff's claims for retaliation will be dismissed when the plaintiff fails to allege retaliation in the Notice of Intent to Sue ("charge") filed with the EEOC. *See Wallin v. Minn. Dept. Of Corrections*, 153 F.3d 681, 688 (8th Cir. 1998).  This is because "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Id.* (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir.1994)).  Accordingly, this Court has no subject matter jurisdiction over a plaintiff's claims if the plaintiff has failed to exhaust administrative remedies before the EEOC. *Id.*

The Eighth Circuit Court has recognized a few exceptions to this rule.  The Court in *Williams* held that a "plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are *like or reasonably related to* the substance of charges timely brought before the EEOC." *Williams*, 21 F.3d at 222 (emphasis added).  In the present case, Wagner did not include any allegations regarding a claim for retaliation when he filed his EEOC charge.  Wagner acknowledges this omission, but invokes the *Williams* exception and asserts that his retaliation claim should

5

not be barred from proceeding in this Court because the claim is "reasonably related to [his] timely filed administrative charges." (Filing No. 60, p. 14). The law does not support such a conclusion, for "it is well established that retaliation claims are not reasonably related to underlying discrimination claims." *Wallin*, 153 F.3d at 688.[1]  Thus, Wagner's retaliation claim does not qualify for such an exception – it is not "like or reasonably related to" his claim for age discrimination contained within his EEOC charge. *See id.* at 223.

Because Wagner failed to exhaust his administrative remedies regarding his retaliation claim, this Court has no subject matter jurisdiction over the claim. Any attempt to exhaust his administrative remedies now would be untimely, and so the claim will be dismissed, with prejudice.

### B.   Whether this Court has Subject Matter Jurisdiction over Wagner's ADEA Claim Based on Events that Occurred before August 28, 2007

Geren contends that the Court does not have subject matter jurisdiction over any allegations of discrimination based on actions occurring before August of 2007. Geren cites 29 U.S.C. § 633a(d) in support of his position that Wagner's claims are limited to the events that occurred after August of 2007. *See* 29 U.S.C. § 633a(d) (stating that "notice shall be filed within one hundred and eighty days after the alleged unlawful practice

---

[1] The Eighth Circuit has repeatedly affirmed the *Wiliams* Court's holding that retaliation claims are not "like or reasonably related to" discrimination claims. *See, e.g.*, *Russell v. TG Mo.* Corp., 340 F.3d 735, 747-48 (8th Cir. 2003) ("As to the administrative charge [plaintiff] submitted to the EEOC and the MCHR, it is undisputed that she failed to specifically assert a retaliation claim. While she did check the box for, and allege, a claim of disability discrimination, she cannot rely on that claim to show that she exhausted her administrative remedies with respect to her retaliation claim because 'it is well established that retaliation claims are not reasonably related to underlying discrimination claims.'"); *Duncan v. Delta Consol. Indus.*, 371 F.3d 1020, 1025 (8th Cir. 2004) ("It is well-settled that charges of sexual harassment generally are not like or reasonably related to retaliation charges for complaining about antecedent harassment.").

occurred."). Geren asserts that § 633a(d) requires the Court to consider only conduct that occurred within the statute's 180-day window.

All the actions that Wagner identified in his Complaint as constituting discriminatory conduct occurred during the statute's 180-day window. Wagner contends that he was not discriminated against based on his age until he received a failed-performance rating in October of 2007. (Compl., ¶ 17). Alternatively, he asserts that "the actions and statements identified in [his] complaint and cited in Defendant's brief, which are outside the 180 day window, are evidence of animus towards Wagner because of his age." (Filing No. 60, p. 13). Thus, Wagner has not asked this Court to consider any discriminatory conduct outside the statute's 180-day window for the purpose of stating a claim under the ADEA.

Geren requests that the Court "find that no action prior to the October 2007 performance rating can be considered an act of discrimination based on age." (Filing No. 64, p. 10). The Court declines to limit the evidence Wagner may present to support his ADEA-based claims, and this portion of the Defendant's 12(b)(1) Motion to Dismiss will be denied.

## II. _Motion for Summary Judgment_

"The ADEA provides, in relevant part, that '[i]t shall be unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, _because of_ such individual's age.'" _Gross v. FBL Fin. Serv., Inc._, 129 S.Ct. 2343, 2350 (2009) (emphasis added) (quoting 29 U.S.C. § 623(a)(1)). The United States Supreme Court has determined that "the ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the

7

employer decided to act." *Id.* "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Id.* Consequently, it is Wagner's burden to present evidence from which a reasonable finder of fact could conclude that his age was the reason for his employer's adverse action – that is, the adverse action would not have occurred "but for" Wagner's age. *Id.* at 2351.

In their briefs, the parties debated at great length whether Wagner had met his burden of establishing a prima facie case for mixed-motive age discrimination under the *Price Waterhouse* burden-shifting analysis. However, on June 18, 2009, *after* the parties filed their briefs, the Supreme Court held that the *Price Waterhouse* burden-shifting analysis that courts apply in evaluating a plaintiff's prima facie case in a mixed-motive Title VII discrimination case *does not* apply to a plaintiff's age discrimination claim under the ADEA.[2] *Gross*, 129 S.Ct. at 2348-49 (citing *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989)). Thus, the Supreme Court has held that the ADEA does not encompass mixed-motive cases. *Id.* at 2350. Instead, in an age discrimination case, "[t]he burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 2352. In an age discrimination cause, the "plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial),

---

[2] The *Gross* Court came to this conclusion because "[u]nlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor. Moreover, Congress neglected to add such a provision to the ADEA when it amended Title VII to add §§ 2000e-2(m) and 2000e-5(g)(2)(B), even though it contemporaneously amended the ADEA in several ways." *Gross*, 129 S.Ct. at 2349 (citing the Civil Rights Act of 1991, § 115, 105 Stat. 1079; *id.*, § 302, at 1088).

that age was the 'but-for' cause of the challenged employer decision. "[3] *Id.*  That is, "[t]o establish a claim under the ADEA, a plaintiff must show that her employer intentionally discriminated against her." *Ziegler v. Beverly Enterprises-Minnesota, Inc.*, 133 F.3d 671, 675 (8th Cir. 1998).

As a consequence of the Supreme Court's recent clarification of the law, this Court will not address the parties' arguments regarding whether Wagner's case survives the Motion for Summary Judgment under the *Price Waterhouse* mixed-motive burden-shifting analysis.  While it is unclear whether the *McDonnell Douglas* Title VII evidentiary analysis applies to discrimination claims under the ADEA (*see Gross,* 129 S.Ct. at 2349, n. 2 (2009) (holding that the "Court has not definitively decided whether the evidentiary framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), utilized in Title VII cases is appropriate in the ADEA context."[4])), this Court need not address that issue, because Wagner has not presented sufficient evidence from which a reasonable finder of fact could conclude that his age was the "but-for" cause of any adverse employment action.  Because Wagner has not presented sufficient evidence from which a reasonable finder of fact could

---

[3] The Court in *Gross* declined to address whether a plaintiff must establish that age was the "but-for" cause of the adverse action through *direct* or *circumstantial* evidence. *Gross*, 129 S.Ct. at 2351, n. 4 ("Because we hold that ADEA plaintiffs retain the burden of persuasion to prove all disparate-treatment claims, we do not need to address whether plaintiffs must present direct, rather than circumstantial, evidence to obtain a burden-shifting instruction.").  As a result, in reviewing the Defendant's Motion for Summary Judgment, this Court will consider all direct *and* circumstantial evidence Wagner offers in support of his age discrimination claim.

[4] *Cf. King v. United States*, 553 F.3d 1156, 1160 (8th Cir. 2009) ("Alternatively, where the plaintiff presents indirect evidence of discrimination, the court analyzes her claim under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).").

conclude that Geren (or any other employee of the Department of the Army) intentionally discriminated against Wagner because of his age, the Court will grant Geren's Motion for Summary Judgment.

Wagner argues that the suggestion, made on two different occasions, that he should take early retirement constituted age discrimination. (Filing No. 60 at 15.)  The Eighth Circuit Court of Appeals, however, has stated that it does "not think that suggesting retirement to an employee who is eligible for retirement, and who is not performing satisfactorily, provides a reasonable basis for inferring age discrimination." *Ziegler*, 133 F.3d at 676.  In the present case, the undisputed evidence indicates both that Wagner was eligible for retirement and that his employer was dissatisfied with his performance. Therefore, the suggestion that Wagner take early retirement does not provide "a reasonable basis for inferring age discrimination." *Id.*

In *Montgomery v. John Deere & Co.*, 169 F.3d 556 (8th Cir. 1999), the Court concluded that in a case where the plaintiff "was *regularly* offered early retirement[,] . . . the retirement inquiries [were not] so unnecessary and excessive as to constitute evidence of discriminatory harassment." 169 F.3d at 560 (emphasis added).  Accordingly, the suggestion, on two occasions, that Wagner accept early retirement does not rise to the level of "unnecessary" or "excessive" such that the suggestions themselves could support his claim of discrimination under the ADEA.

Wagner also argues that he has provided sufficient evidence to survive the Motion for Summary Judgment because he has shown that a fellow employee (specifically a "Section Chief") made three "joking remarks" during an "industry day celebration" in the

10

summer of 2007.   (Filing No. 60 at 16.)   Wagner suggests that these remarks were belittling, because an employee asked "Wagner if he was handing out business cards for a new job." (Filing No. 60 at 16).   The *Mongtomery* Court held, however, that joking remarks, "standing alone, do not provide a sufficient basis for an inference of age discrimination." 169 F.3d at 560-561.  In *Montgomery*, the Court concluded the fact that the plaintiff was frequently referred to as "the old fart" by his supervisor and co-employees did not create a prima facie case of age discrimination.  *Id.*  Joking remarks, such as those in this case, do not give rise to a claim of age discrimination under the ADEA, and Wagner's evidence that supervising and/or co-employees made disparaging remarks to him does not satisfy his burden under the ADEA.

The evidence Wagner has submitted, both direct and circumstantial, is not sufficient for a reasonable finder of fact to conclude that Wagner's age was the cause of any adverse action taken by his employer, and the Court will grant Geren's Motion for Summary Judgment and award judgment in favor of Geren on Wagner's age discrimination claim.

## CONCLUSION

The Court will grant the Defendant's Motion to Dismiss and Motion for Summary Judgment.  Wagner's claim of retaliation under the ADEA is dismissed, with prejudice.  The Court will award judgment in favor of Geren on Wagner's claim of age discrimination, because Wagner has failed to present a prima facie case of discrimination under the ADEA.

11

IT IS ORDERED:

1.  The Defendant Pete Geren's Motion to Dismiss and Motion for Summary Judgment (Filing No. 46) is granted;

2.  The Plaintiff Laurence R. Wagner's retaliation claim under the ADEA is dismissed in its entirety, with prejudice;

3.  Judgment is awarded in favor of the Defendant Pete Geren and against the Plaintiff Laurence R. Wagner on his age discrimination claim under the ADEA; and

3.  A separate Judgment will be filed in accordance with this Memorandum and Order.

Dated this 9th day of July, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge